UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>LEE WALLETTE,<br><br>                Defendant. | CASE NO. CR20-197-RAJ<br><br>**DETENTION ORDER** |

The Court has conducted a detention hearing under 18 U.S.C. § 3142(f), and concludes there are no conditions which the defendant can meet which would reasonably assure the defendant's appearance as required or the safety of any other person and the community.

**FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION**

Defendant is charged with offenses carrying the presumption of detention: conspiracy to distribute controlled substances and possession of methamphetamine and fentanyl with intent to distribute. Defendant has an extensive criminal history spanning 18 years. He appears to have been arrested and convicted each year, except for years in which he was serving a prison sentence. His past performance on release and supervision has been extremely poor. According to a review by the pretrial office, he has amassed 89 failures to appear for court hearings and has a history of absconding from supervision, not complying with the terms of supervision and repeatedly violating conditions of supervision. It also appears that defendant engages in criminal

DETENTION ORDER - 1

conduct while on supervision. Defendant's history and statements to the pretrial office indicate he has long standing and significant substance abuse problems. He has received substance abuse treatment but could not successfully complete his drug offender sentencing alternative program and was terminated from the program. Defendant does not possess a valid driver's license and indicates he has not been employed since February or March of this year. He indicates he has no assets. While he has family members who live in the area, his proposal to release to reside with his mother is problematic. As the pretrial investigation notes, his mother was not forthright about her criminal history, which is not insignificant.

The Court notes that the Federal Detention Center indicated defendant declined to go to the AV room to attend the detention hearing. Both counsel agreed the Court should enter the detention order. The Court advised the parties that if defendant wished to participate in a detention hearing, the Court would freely grant another detention hearing.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 11th day of December, 2020.

BRIAN A. TSUCHIDA
United States Magistrate Judge

DETENTION ORDER - 3